United States Courts
Southern District of Texas
FILED

OCT 22 2012

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTIRCT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | CR. NO. 4:10 CR00203-001 |
| Aghaegbuna Odelugo, ) | |
| Defendant. ) | |

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Defendant, through undersigned counsel, hereby respectfully moves this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Defendant is in federal custody in Texas. On January 30, 2012, this Court sentenced defendant to 72 months' imprisonment, three years' supervised release, and a special assessment of $300. No petition for certiorari was filed and this is defendant's first § 2255 motion.

### I. BACKGROUND

Defendant was arrested and charged with conspiracy to commit healthcare fraud, healthcare fraud and money laundering. On or about November 19, 2009, Attorney Erik Sunde was retained by the Defendant Mr. Odelugo to represent him on all Federal and State charges.

As part of the plea negotiations with the United State of America, Mr. Odelugo agreed to make restitution payments before sentencing. In return, the United States would recommend a lower sentence based on his efforts to comply with making restitution payments. In his effort to comply with this agreement, Mr. Odelugo tendered to Mr. Sunde, a total of TWO HUNDRED AND EIGHTY THOUSAND DOLLAR ( $280,000) to be held in trust and be forwarded to the United State at the appropriate time.. (*See* Defendant's Exhibit A "Restitution Checks"). Without

explanation, Mr. Sunde failed to forward any of the $280,000 in restitution payments to the United States. Mr. Sunde has also failed to return any of the money to Mr. Odelugo. In fact, the whereabouts of the $280,000 are presently unknown and Mr. Odelugo has filed a law suit to recover these funds.

At the sentencing hearing, the Government recommended a higher sentence based on Mr. Odelugos failure to make restitution payments. Mr. Odelugo was then sentenced to 72 months by this Honorable Court..

## ARGUMENT

### A. TIMELINESS

Defendant's claims are timely under 28 U.S.C. § 2255(6) ¶3 Defendant's direct case became final less than one year before the filing of this motion and, therefore, his § 2255 claims are timely under § 2255(f) ¶1, which allows the filing of § 2255 claims up to one year from the date on which the conviction became final.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

While the good faith errors of appointed counsel are normally insufficient to justify granting a motion to vacate sentence, significant misleading statements of counsel can rise to a level of denial of due process of law and result in a vitiation of the judicial proceeding because of ineffective assistance of counsel. *See Arrastia v. United States*, 5 Cir., 1972, 455 F.2d 736; *see also Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972). Ineffective assistance can be sustained where it appears clearly well-grounded. *See Gafford v. United States*, 438 F.2d 106, 107 (5th Cir. 1971). It is necessary to show ... that the purported representation was only

perfunctory in bad faith, a sham, ... *Id.*; (citing *Busby v. Holman*, 356 F.2d 75 (5 Cir.); *see also Williams v. Beto*, 354 F.2d 698 (5 Cir. 1965).

In the present case, Mr. Sunde's representation of Mr. Odelugo was ineffective. Mr. Sunde made significant misleading statements, his conduct was unconscionable and his entire representation was in bad faith

In the State charge, Mr. Sunde represented to Mr. Odelugo that he (Mr. Sunde) had already received confirmation that if he paid restitution, he would be given a sentence of deferred probation. (See Defendant's Exhibit B Odelugo's Motion For New Trial Direct Testimony pg. 11) This was not true. However, Mr. Sunde continued to accept restitution payments that are now missing and nothing was ever paid to the State or the Federal Government in restitution. The money was never returned to Mr. Odelugo despite repeated request. Mr. Odelugo received an 18 year sentence on the State charge.

Also, to prevail on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Id.* Second, he must prove that he was prejudiced by counsel's substandard performance. *Conley v. United States*, 349 F.3d at 841. To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 841-42. Any amount of actual jail time has Sixth Amendment significance, which constitutes prejudice for purposes of *the Strickland* test. *Id.* (citing and quoting *Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). Additionally, one of the most precious applications

of the Sixth Amendment may well be in affording counsel to advise a defendant concerning whether he should enter a plea of guilty. *Reed v. United States*, 354 F.2d 227, 229 (5th Cir.1965). Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland. United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004). When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court." *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir.1995). By grossly underestimating the defendant's sentencing exposure counsel breaches his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable. *United States v. Ridgeway*, 321 F.3d 512, 514 (5th Cir.2003) (alterations in original) (citing and quoting *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998)); *see also United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004).

Mr. Sunde's representation fell below an objective standard of reasonableness and as a result Mr. Odelugo was prejudiced because he was subjected to 72 months in prison. There is a reasonable probability that, but for Mr. Sunde's conduct in misappropriating the restitution funds, Mr. Odelugo would have received a substantially lower sentence. It is probable that because it appeared that Mr. Odelugo made no effort to pay restitution, the United STates did not recommend a lower sentene. Consequently, there is a strong probability that but for Mr. Sunde's misappropriation of Mr. Odelugo's restitution payments, the Court would have recognized and acknowledged Mr. Odelugo's efforts and taken them into consideration during sentencing.

## CONCLUSION

For the reasons stated above, defendant respectfully requests that this Court vacate Mr. Odelugo's sentence and schedule a resentencing hearing.

Respectfully submitted

THE COX PRADIA LAW FIRM PLLC

By: _____

Jonathan H. Cox
1415 North Loop West, Suite 200
Houston, Texas 77008
Federal Bar No. 28983
ATTORNEY FOR DEFENDANT
AGHAEGBUNA ODELUGO

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the Plaintiff by certified mail, return receipt requested, hand delivery and /or fax on this day 17th day of September, 2012.

Jonathan H. Cox